**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: Lyudmila Minyazova                                   Case No. 18-13918
                                                            Chapter 13

<u>Debtor                          </u>/


**DEBTOR'S MEMORANDUM OF LAW ON FILING OF BANKRUPTCY**
**BY NEXT FRIEND WHEN THE NEXT FRIEND IS NOT THE DEBTOR'S GUARDIAN**


<u>Factual Background</u>

Lyudmila Minyazova is a 87 year Ukrainian widow who speaks only Russian and who is suffering from dementia. She uses a wheelchair for mobility. The debtor's 60 year son Valeriy Minyazov, who receives Social Security disability, lives with her. Valeriy is the representative payee for the debtor's Supplemental Security Income (SSI).  The debtor is an American citizen and purchased her cooperative unit in 1997. The coop does not have a mortgage and yearly real estate taxes are $2.14 a year. The monthly maintenance charges are $261.00 per month.

For a time the debtor was in an assisted living facility and her SSI benefits were used by the facility to cover her housing costs. Consequently, the maintenance on the coop was not paid and Mar-Len Gardens Management Corporation filed a foreclosure action on November 3, 2017, and a foreclosure sale was set for April 4, 2018. Prior to the filing of the foreclosure action, debtor's son Valeriy was not satisfied with the debtor's care in the facility and brought her back to her home and moved in to take care of her.

Debtor's son Valeriy came to Legal Services of Greater Miami with the debtor on April 2, 2018, requesting assistance to stop the April 4th sale of the debtor's home. This

Chapter 13 case was filed on April 3, 2018, in the name of the debtor with her son Valeriy Minyazov signing the petition and other pertinent forms pursuant to Federal Bankruptcy Rule 1004.1 as "Lyudmila Minyazova by Valeriy Minyazov as Next Friend for Lyudmila Minyazova."

Pursuant to 11 U.S.C. § 109 (h) (4) and Local Rule 1007 (d),Debtor filed a Motion to Waive Requirements of Credit Counseling and Financial Management Courses (DE3) because the debtor is incompetent and unable to complete the courses and that motion was granted. (DE23) At the hearing on the Motion to Waive the two courses, the Court expressed concern about the incompetent debtor's son filing as her next friend when he does not have a power of attorney[1] and is not a court-appointed guardian and requested this memorandum.

## Memorandum

Bankruptcy Rule 1004.1. *Petition for an Infant or Incompetent Person* provides:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. **An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem.** The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor. (Emphasis added.)

The case law on this matter is sparse but *In re: Maryann Zawisza,* 73 B.R. 929 (E.D. Pa. 1987) is instructive regarding this situation. In *Zawisza* an attorney filed a

---

[1] The debtor gave her son Valeriy power of attorney in 2013. This POA is not durable.

Chapter 13 case on behalf of a mentally incompetent debtor as the debtor's next friend. The attorney did not have any specific court authorization to act on behalf of the debtor nor did he have a power of attorney. The debtor's largest creditor filed a Motion to Dismiss because the attorney next friend was an inappropriate party to file for the debtor.

The Court first found that there is no explicit requirement in 11 U.S.C. § 109 (e) that an individual needs to be competent to file a Chapter 13 petition. *Id* at 932. Then the Court looked at Bankruptcy Rule 1016 which provides that in the case of death or insanity of a Chapter 13 debtor, if further administration is possible, the case may proceed and be concluded as if the death or insanity had not occurred.[2] The Court reasoned that it would unreasonable to allow a Chapter 13 case to continue when the debtor becomes incompetent after the case is filed, but not allow the filing on behalf of an incompetent. The Court also pointed out that an involuntary bankruptcy can be filed against an incompetent debtpr so to not allow an incompetent to file a bankruptcy raises "serious Constitutional issues." *Id* at 934.

Next the Court reviewed whether a next friend can file a bankruptcy. The Court noted that Bankruptcy Rule 7017 incorporates F.R.Civ.P.17 for adversary proceedings so that a next friend can initiate or defend an adversarial proceeding in bankruptcy on behalf of an incompetent.[3] The Court opined "Since the next friend may file every other

---

[2] Rule 1016 was amended, effective August 1, 1991, changing "insanity" to "incompetency" so as to conform to Federal Rule of Civil Procedure 25.

[3] Fed.R.Civ. P. 17. *Plaintiff and Defendant; Capacity; Public Officers*
(2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is

type of federal action pursuant to F.R.Civ.P. 17, there is simply no reason to preclude a next friend from filing a bankruptcy petition ... " *Id* at 935. In *In re: Oriole Kjellsen,* 1994 WL 904681 ( D. S.D. 1994) the District Court was reviewing who was the proper party to file a bankruptcy for a debtor since the debtor's court-appointed guardian and the person holding her durable power of attorney were disputing each other's authority. The bankruptcy court had relied on *Zawisza* in ruling for the holder of the DPOA. The District Court stated that the bankruptcy court's reliance on *Zawisza* was misplaced because in *Zawisza* "no guardian or fiduciary had been appointed to control the incompetent debtor's property." The District Court further added "It was therefore proper in that case to allow another person to file the bankruptcy petition as debtors "next friend." "

Finally, the *Zawisza* Court looked at who can be the next friend. Again looking at F.R.Civ.P. 17, the Court found that "[t]he Debtor is indisputably incompetent and does not have a validly appointed guardian or representative. F.R.Civ.P. 17 is clearly applicable and suit may hence be filed by the incompetent's next friend." *Zawisza,* 73 B.R at 935. See also *In re: Murray,* 199 B.R.165, 173 (M.D. Tenn. 1996) finding a mother who filed a Chapter 13 for her minor child was not required to comply with any particular appointment or qualification procedure before filing the "next friend" petition. The *Zawisza* Court also reviewed who is the proper party to be the next friend. Citing *Child v. Beame*, 412 F. Supp. 593,599 (S.D.N.Y/ 1976) the Court said that the term is broad enough to include anyone who has an interest in the welfare of the incompetent. *Zawisza*, 73 B.R. at 936.

---

unrepresented in an action.

Certainly Lyudmila Minyazova's son is an appropriate person to file as her next friend. He lives with her, he manages her financial affairs, and he is her Social Security Representative Payee. As was stated in *In re: Douglas McGlohon,* 2016 WL 552332 (E.D. N.C. 2016) "An overarching concern throughout these cases is that the individual serving as a next friend act in the debtor's best interests during the bankruptcy case and that the next friend maintain a working knowledge of the debtor's financial situation." The debtor does not have an extensive estate and her only significant asset is her home. Her household expenses and lifestyle are very modest and can easily be managed and monitored by her son who lives with her. Her son has complied with all requests by debtor's counsel regarding required documents and has made the 1st Plan payment. He brought the debtor to her May 18, 2018, creditor meeting.[4]

Allowing Valeriy Minyazov to file this Chapter 13 case as next friend on behalf of debtor Lyudmila Minyazova is necessary and appropriate.

    Respectfully submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.

By   /s/ Carolina A. Lombardi
Carolina A. Lombardi
Florida Bar No. 241970
Attorney for Debtor
4343 West Flagler Street, Suite #100
Miami, FL 33134
Phone and Facsimile: (305) 438-2427
Email: CLombardi@legalservicesmiami.org
Alt: SFreire@legalservicesmiami.org

---

[4] The Trustee would not allow the debtor's son to testify for her at the creditor's meeting. Debtor is filing a separate motion asking this Court to allow the debtor's son to testify at the rescheduled creditor's meeting.