*Tagged Opinion*



**ORDERED in the Southern District of Florida on May 2, 2019.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:  Lyudmila Minyazova | Case No. 18-13918 LMI |
| | Chapter 13 |
| Debtor. | |
| _____ / | |

## ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

This cause came to be heard on August 7, 2018, on the 9:00 a.m. calendar, on Motion for Appointment of a Guardian ad Litem by Debtor's Next Friend (ECF #39), pursuant to Bankruptcy Rule 1004.1.

The debtor's son, Valeriy Minyazova, filed this Chapter 13 case as next friend for his incompetent mother Lyudmila Minyazova. The Court expressed concern regarding the Next Friend filing, and the requirements dictated by the Florida Bar rules with respect to an attorney representing a client that does not have the legal and the mental capacity to understand what is going on.  The Court also had concerns regarding whether an

attorney may take instruction from someone who does not have the legal authority to act on behalf of somebody who is mentally incapacitated.

Federal Rule of Bankruptcy Procedure 1004.1[1] directs a bankruptcy court to "appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor." While the Debtor is represented by competent legal counsel, the law does not make clear what instruction competent legal counsel may take from the next friend, absent further authority. A bankruptcy court may appoint a guardian ad litem for a debtor in order to protect the debtor or to assist the debtor in the administration of the bankruptcy case. *See In re Moss*, 239 B.R. 537 (Bankr. W.D. Mo. 1999).

There is no dispute that the Debtor is incompetent. Thus, the Court finds it is appropriate to enter an order appointing a guardian ad litem in order to assist the Debtor and the Debtor's counsel, in the administration of the bankruptcy case. D ebtor's counsel proffered information which evidenced Debtor's son's suitability to be appointed her guardian ad litem and for the reasons stated on the record, it is therefore **ORDERED AS FOLLOWS:**

Debtor's Motion for Appointment of a Guardian ad Litem is GRANTED, and the Debtor's son Valeriy Minyazova is appointed her guardian ad litem in this Chapter 13 case.

###

---

[1] Rule 1004.1 is based on Federal Rule of Civil Procedure 17(c), which allows a court to appoint a guardian or next friend to prosecute or defend actions in District Court. *See* Fed.R.Bankr.P. 7017(c). And so, in addition to looking at the Rule 1004.1, the Court also looked at cases decided under Rule 17(c), to see how much a "next friend" is authorized to do, what does that mean in prosecuting or defending a claim. In other words, what, other than filing a petition, could a next friend do? The Court also considered who determines incompetency. The Court did not need to resolve these questions at this time.

Copies furnished to:
Carolina Lombardi, Esq.

*Attorney Lombardi shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.*